UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEARNING TECHNOLOGY PARTNERS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF THE INCARNATE WORD,<br><br>        Defendant. | Case No. 14-cv-4322-PJH<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION** |

        Before the court is defendant's motion for leave to file a motion for reconsideration of the court's order denying defendant's motion for partial summary judgment. Defendant contends that the court committed a "clear error of law" in "ruling that LTP's claim for repayment of the discount may proceed as liquidated damages." In the alternative, defendant notes that it plans to challenge the testimony of plaintiff's damages expert, and that "[t]he court may prefer to consider the issue in the context of a Daubert challenge, in which case this request would become moot."

        The court finds that defendant's motion for leave to file a motion for reconsideration must be denied. While defendant is correct that "[n]either party had argued, or briefed," the issue of whether the damages provision was a liquidated damages provision, that argument underscores the fact that the statements challenged by the current motion were merely dicta.

        The only issue raised by defendant's motion for partial summary judgment, and thus, the only issue before the court, was whether the challenged provision of the parties'

1  contract was unenforceable.  Specifically, defendant argued that enforcement of the
2  provision would place plaintiff in a better position than it would have been had it received
3  the "benefit of the bargain."  The court rejected that argument, emphasizing that
4  defendant's argument overlooked the value of exclusivity, which plaintiff bargained for but
5  did not receive.  Because the value of the discount could serve as a measure of the value
6  of exclusivity – in fact, the language of the contract specifically tied together the discount
7  and the exclusivity grant – the court denied defendant's motion to the extent that it sought
8  to render the discount-related provision unenforceable.  Any statement equating the
9  provision to a liquidated damages provision was dicta, not essential to the disposition of
10 defendant's motion for partial summary judgment.  Along the same lines, the court's use
11 of the term "penalty" was not as a term of art, as used in the case law regarding
12 liquidated damages clauses.
13        To the extent that the court's order needs clarification, the court now clarifies that
14 the order did not expressly hold that the damages provision is a liquidated damages
15 provision, nor did it expressly hold that the provision imposed a "penalty" – as that term is
16 used in evaluating the enforceability of liquidated damages clauses – as neither of those
17 issues were raised by defendant's motion.  The court's relevant findings were limited to
18 the issue of whether plaintiff's measure of damages was expressly precluded by the
19 language of the contract, which was answered in the negative.
20        That said, while the court found that the amount of the discount could be used as a
21 measure of the value of exclusivity, it also found "questionable" plaintiff's attempt to
22 "recover non-discounted rates for the entire life of the contract, dating back to 2004."
23 However, because that issue was "not presently before the court," the court did not
24 further address it.  Dkt. 74 at 17.  However, if the issue is raised at a later time, including
25 as part of defendant's above-mentioned Daubert motion, the court will consider it at that
26 time.  As noted by defendant, the court's preference to consider the issue in the context
27 of a Daubert motion renders the present request moot.
28

1     **IT IS SO ORDERED.**

2 Dated: November 13, 2015

3                                                _____

4                                              PHYLLIS J. HAMILTON
                                                United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28