UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEARNING TECHNOLOGY PARTNERS,

    Plaintiff,

    v.

UNIVERSITY OF THE INCARNATE WORD,

    Defendant.

Case No. 14-cv-4322-PJH

**ORDER DENYING ADMINISTRATIVE MOTIONS**

Before the court are two administrative motions filed by defendant. Timely oppositions to each motion were filed by plaintiff. The court hereby rules as follows.

Defendant's first administrative motion (Dkt. 136) sought two forms of relief: (1) an order requiring plaintiff to serve its revised damages report by February 1, 2016, and (2) an order requiring plaintiff to disclose whether it intended on calling two witnesses (Mr. Balint and Ms. Phillips) as part of its case in chief.

Plaintiff ultimately served its revised damages report on January 29, 2016, and thus, defendant's motion is denied as moot to the extent that it seeks such relief. Regarding the witnesses, plaintiff's opposition indicated that the two witnesses were properly disclosed on its witness list, and that no further action is required. The court finds that defendant does indeed have adequate notice of the witnesses that plaintiff intends to call, and denies defendant's motion to the extent that it seeks any additional information regarding plaintiff's potential witnesses.

Defendant's second administrative motion (Dkt. 143) requests leave to file a

motion in limine to exclude certain portions from the revised damages report.  Defendant argues that the revised report "defies certain of the court's orders," including the January 28, 2016 order (Dkt. 140) denying plaintiff's motion for reconsideration and reiterating that no pre-2013 exclusivity-related damages may be sought.  Defendant thus requests leave to file a motion in limine to address damages entries that, in defendant's view, were improperly included in the revised report.

Plaintiff argues that the parties merely have "contrary interpretations" of the court's pretrial order, and suggests that, rather than allowing a motion in limine, "a better solution would be for this court to clarify its prior orders and direct the parties to conform to that clarification."  Having reviewed the parties' arguments, the court agrees that no additional motion in limine is needed, as the parties' disputes have been addressed by the court's prior orders.  The court thus DENIES defendant's second administrative motion to the extent that it seeks leave to file a motion in limine, but the court will take this opportunity to clarify its prior orders.

Plaintiff's opposition recaps the three concerns that were identified in an email sent from defendant's counsel to plaintiff's counsel:

(1) the revised report uses January 2013, rather than July 2013, as the start date for exclusivity-related damages,

(2) the revised report "values unauthorized use of IZIO for ADCaP by denying the 60% discount built into the initial pricing," and

(3) the revised report "includes a correction for the June 19, 2014 invoice, which inadvertently had not been identified" in the original report.

On issue (1), plaintiff argues that neither the court's previous orders nor the interrogatory response on which they are based makes any reference to a July 2013 date.  Indeed, the interrogatory response states that "LTP believes the breach began no later than 2013, when UIW stopped enrolling students in the UIW Preparatory School IZIO classes," but does not provide any specific date.  See Dkt. 130-1 at 6-7.

The court has looked to other of plaintiff's filings to determine if it made any

previous claim as to the date when "UIW stopped enrolling students in the UIW Preparatory School IZIO classes." Along with plaintiff's opposition to defendant's motion for summary judgment (which, notably, was filed before the current dispute over the timing of the first exclusivity breach), plaintiff's president filed a declaration where he states that "on or about January 15, 2013, UIW published a press release announcing that UIW Prep students were using IZIO and Apex online learning platforms." Dkt. 53, ¶ 14. This declaration does support plaintiff's current theory that the first exclusivity breach occurred in January 2013. Defendant points to portions of plaintiff's trial brief that do mention a July 2013 date, but the phrasing is significant – as plaintiff says only that defendant "has exclusively been using Apex for UIW Prep since July 2013." See Dkt. 98 at 5, 7. These two statements can be read consistently, as it could be the case that defendant began using Apex together with IZIO in January 2013 (i.e., no longer using IZIO exclusively, constituting a breach), but then transitioned to only Apex in July 2013. Accordingly, the court will allow plaintiff to claim a breach of the exclusivity provision as early as January 2013, but no earlier.

On issue (2), plaintiff argues that it has "consistently disclosed two independent bases for seeking recovery of the discount." First, it argues that defendant breached the exclusivity provision, and second, it argues that "UIW is not entitled to receive the discount for unauthorized users." Plaintiff argues that these two theories operate in the alternative, and that the court's preclusion of the first theory for any breach that occurred prior to 2013 does not prevent them from asserting the second theory, without regard to timeframe.

Plaintiff's argument has no support in the contract, and is contradicted by plaintiff's own representations to the court. During summary judgment, plaintiff consistently argued that the contract contemplated two separate exchanges: (1) "LTP's sale of computer services," and (2) "UIW's sale of exclusivity." See, e.g., Dkt. 52 at 5. In other words, "LTP's computer services are provided to UIW for a fee," and "exclusive access to provide UIW with computer services is provided to LTP for a fee." Id. at 16.

1    Thus, in plaintiff's own view, the discount was provided in exchange for exclusivity,
2    and that exchange was separate from the other exchange set forth in the contract.
3    Plaintiff now seeks to expand the scope of the discount provision, apparently arguing that
4    <u>any</u> breach of the contract warrants a refund of the discount.  This argument is contrary
5    to representations that plaintiff made to the court, and also contrary to the language of
6    the contract.  The discount is expressly tied to the grant of exclusivity, so if defendant
7    breached some other provision of the contract, the discount is not implicated.
8    Accordingly, any portion of the damages report that claims discount-related damages for
9    any breach of the contract, other than a breach of section 7.6's exclusivity provision, must
10   be excluded.

11   Finally, on issue (3), plaintiff argues that a certain invoice was inadvertently
12   excluded from the original damages report, and that the revised report "corrects this
13   omission."  Plaintiff also argues that, even if the invoice cannot be included in the report,
14   it should still be permitted to offer evidence (including the invoice itself, which was timely
15   disclosed) at trial.

16   Plaintiff's damages report was provided to defendant on August 24, 2015.  See
17   Dkt. 83-1.  Federal Rule of Civil Procedure 26(e) allows a party to amend its disclosure
18   "in a timely manner if the party learns that in some material respect the disclosure or
19   response is incomplete or incorrect."  The court finds that plaintiff's attempt to amend, five
20   months after service of the damages report and less than one month before the start of
21   trial, is not timely.  Accordingly, plaintiff's damages report may not include the June 19,
22   2014 invoice.  The court further finds that, by failing to include this invoice in its damages
23   expert's report and by failing to correct this error in a timely manner, plaintiff has waived
24   its right to present the invoice as evidence at trial.  Plaintiff is not permitted to use its
25   damages report as a placeholder, while retaining the right to add new damages claims as
26   time goes on.  Defendant is entitled to notice of plaintiff's damages claims, and is entitled
27   to rely on plaintiff's damages report as a comprehensive calculation of such damages.
28   Plaintiff must serve upon defendant a revised damages report, consistent with this

order, no later than **Tuesday, February 9, 2016**.

**IT IS SO ORDERED.**

Dated:  February 5, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge