UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEARNING TECHNOLOGY PARTNERS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF THE INCARNATE WORD,<br><br>    Defendant. | Case No. 14-cv-4322-PJH<br><br>**ORDER RE AFFIRMATIVE DEFENSES, JURY INSTRUCTIONS, AND VERDICT FORM** |

Following the December 17, 2015 pretrial conference, the court directed the parties in the above-captioned case to file supplemental briefs "on issues of (1) the applicability of a comparative fault defense, and (2) the applicability of the asserted affirmative defenses in general, including whether they are to be decided by the court or by a jury." Dkt. 116 at 8. The court further directed the parties to "avoid affirmative defenses that are duplicative or that largely overlap with each other." Id. The court also deferred a full determination regarding the jury instructions and verdict form until after the affirmative defense-related issues were resolved. Now, having reviewed the parties' supplemental briefs and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

In its supplemental brief, defendant University of the Incarnate Word ("defendant" or "UIW") represents that it will present evidence at trial regarding eight affirmative defenses: (1) statute of limitations, (2) waiver, (3) accord and satisfaction, (4) modification, (5) estoppel, (6) failure to mitigate, (7) comparative fault, and (8) unclean

hands. In a footnote, UIW further states that it will assert offset as an affirmative defense to be decided by the court, if necessary, after the jury returns its verdict. The court will address each of these affirmative defenses in turn.

First, UIW asserts a statute of limitations defense. Plaintiff Learning Technology Partners ("plaintiff" or "LTP") does not dispute that a statute of limitations instruction should be given, though it notes that there is a dispute as to whether a two-year or four-year statute of limitations applies. However, at least part of the dispute has been resolved by the court's orders issued subsequent to the pretrial conference. The court will give the statute of limitations instruction from the Judicial Council of California, Civil Jury Instructions ("CACI") to the jury (CACI 338). As will be discussed at the end of this order, the parties shall submit their proposed versions of CACI 338, and the court will resolve any remaining dispute.

Second, UIW asserts a waiver defense, and plaintiff does not oppose giving the jury this instruction. Accordingly, the instruction from CACI 336 will be given to the jury.

Third, UIW asserts an accord and satisfaction defense. UIW describes "accord and satisfaction" as "the substitution of a new agreement for and in satisfaction of a preexisting agreement between the same parties." The court finds that this defense is duplicative of UIW's modification defense (discussed in the next paragraph), and also notes that there is no instruction from CACI or from the Ninth Circuit model instructions on this issue. Accordingly, no instruction on this defense will be given to the jury.

Fourth, UIW asserts a modification defense. UIW describes this defense as "a change in the obligation by a modifying agreement which requires mutual assent." Because this defense covers the same concept as does the "accord and satisfaction" defense, and because there is a CACI instruction on "modification," the court will give the jury the instruction from CACI 313.

Fifth, UIW asserts an estoppel defense. UIW acknowledges that estoppel is an equitable defense to be decided by the court, but argues that the jury should nevertheless decide the issue, because it is "inextricably intertwined" with the facts and

2

issues underlying many of the other affirmative defenses. However, because there is no CACI instruction or Ninth Circuit model instruction on the issue, and because estoppel is an issue properly decided by the court, the jury will not be given an instruction on estoppel.

Sixth, UIW asserts a failure to mitigate defense, and plaintiff does not oppose giving the jury this instruction. Accordingly, the instruction from CACI 358 will be given to the jury.

Seventh, UIW asserts a comparative fault defense. UIW argues that comparative fault has been applied in previous contract cases, although its only Ninth Circuit authority states only that the "California Supreme Court has not expressly decided whether comparative fault applies to breach of express warranty claims." Trishan Air, Inc. v. Dassault Falcon Jet Corp., 532 Fed. Appx. 784, 788 (9th Cir. 2013) (emphasis added). UIW then cites two contract cases from this district where motions to strike the affirmative defense of comparative fault were denied. FDIC v. Straub, 2011 WL 1965621 (N.D. Cal. May 31, 2012); FDIC v. Warren, 2011 WL 5079504 (N.D. Cal. Oct. 25, 2011). However, this is not an express warranty case, nor is the current procedural posture in any way similar to that in Straub or Warren. Accordingly, the court finds those cases inapposite.

Defendant then cites a California appeal court case where a comparative fault instruction was given in a breach of contract case. Royal Neckwear v. Century City, 205 Cal.App.3d 1146 (1988). UIW argues that this case "demonstrates that a reduction in damages based on plaintiff's conduct (i.e., comparative fault) is appropriate for a breach of contract case." However, UIW also acknowledges that Royal Neckwear involved both a contract claim and a negligence claim, and that the court "issued a single instruction" to "reduce the amount of damages by the proportion or percentage of negligence attributable to plaintiff."

LTP points out a number of distinctions between this case and Royal Neckwear, the primary one being that the jury in this case will already receive an instruction on the failure to mitigate, which allows the jury to "reduc[e] damages based on plaintiff's

3

conduct."

The court declines to give the jury an instruction on the comparative fault defense for two reasons. First, UIW has not presented sufficient authority for the proposition that a comparative fault instruction is properly given in contract cases, especially in contract cases that do not involve express warranty claims or mixed contract/negligence claims. Second, any comparative fault instruction would indeed be duplicative of UIW's failure to mitigate defense. Any conduct that UIW characterizes as showing LTP's "fault" can also be described as showing plaintiff's failure to mitigate damages.

Eighth, UIW asserts an unclean hands defense. As it did in the context of the estoppel defense, UIW acknowledges that this is an equitable defense to be decided by the court, but argues that it should nevertheless be given to the jury because it is "inextricably intertwined" with UIW's other defenses. However, because there is no CACI instruction or Ninth Circuit model instruction on the issue, and because unclean hands is an issue properly decided by the court, the jury will not be given an instruction on unclean hands.

Finally, as to offset, the parties agree that this defense results in a purely arithmetic task that can be conducted by the court post-verdict.

Turning to LTP's affirmative defenses asserted in response to UIW's counterclaim, LTP asserts five such defenses: (1) UIW's breach, (2) failure to mitigate, (3) waiver, (4) setoff, and (5) estoppel.

First, LTP asserts a defense of "UIW's breach," and its brief describes this defense as "interrelated to UIW's inability to prove that it performed all or substantially all of what was required – an essential element of its contract claim." LTP's own characterization underscores the redundancy of this defense. As part of its own counterclaim, UIW must prove that it performed all or substantially all of what was required. To the extent that LTP presents evidence that UIW failed to do so, such evidence serves to negate an element of UIW's counterclaim – it does not constitute a separate affirmative defense. Thus, no separate instruction on this issue will be given.

4

Second, LTP asserts a failure to mitigate defense, and the court will treat it the same way that it treated UIW's failure to mitigate defense, namely, by giving the instruction from CACI 358 to the jury.

Third, LTP asserts a waiver defense, and the court will again treat it the same way that it treated UIW's waiver defense, namely, by giving the instruction from CACI 336 to the jury.

Fourth, LTP asserts a setoff defense, and the court will again treat it the same way that it treated UIW's setoff defense, namely, by resolving the issue post-verdict.

Fifth and finally, LTP asserts an estoppel defense, and the court will again treat it the same way that it treated UIW's estoppel defense, namely, by finding it is an equitable defense to be decided by the court.

Having resolved the issues regarding the parties' affirmative defenses, the court directs the parties to submit a revised version of the proposed jury instructions (Dkt. 100), incorporating the rulings from this order and the court's previous orders.  No later than **February 18, 2016**, the parties shall file a blind set of joint jury instructions, eliminating the source of instruction and footer reflecting the submitting party.  Each party shall also separately submit a set of their individual instructions, comporting with the pretrial rulings and the rulings contained in this order.  The individually-submitted instructions shall contain both a blind instruction and one with the source of the instruction and the name of the submitting party.

Also no later than **February 18, 2016**, the parties shall submit a joint proposed verdict form, reflecting the court's rulings from this order and previous orders.

**IT IS SO ORDERED.**

Dated:  February 11, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge