UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEARNING TECHNOLOGY PARTNERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF THE INCARNATE WORD,<br><br>　　　　Defendant. | Case No. 14-cv-4322-PJH<br><br>**ORDER RE JURY INSTRUCTIONS AND VERDICT FORM** |

Having considered defendant's proposed instruction on "interpretation – construction of contract – objective intent of the parties," the court finds that such instruction will not be given, in light of the multiple other jury instructions on the issue of contract interpretation.

As discussed at today's charge conference, the parties shall meet and confer regarding any remaining instructions that are yet to be finalized, and shall submit a blind copy of the instructions no later than **Monday, February 29, 2016**, at **8:00 a.m.** In particular, the court discussed the need to present a neutral version of the instruction on imputed knowledge, and the need for plaintiff to submit a proposed instruction regarding its affirmative defense of waiver, but on further review, the court also notes that the instruction on "breach of contract – essential factual elements" describes only the alleged breach by defendant, and does not account for defendant's counterclaim alleging breach by plaintiff. Accordingly, the parties shall also submit a proposed instruction regarding the elements of defendant's breach of contract counterclaim.

Regarding the verdict form, attached to this order is a special verdict form that takes into account the discussion from today's charge conference. This form will be used unless the parties can mutually agree to an alternative that is acceptable to the court. Finally, the court notes that the parties' proposed verdict form does not account for plaintiff's "failure to mitigate" affirmative defense to defendant's counterclaim. If the court determines that such an entry is warranted by the evidence, the verdict form will be amended to include that affirmative defense.

**IT IS SO ORDERED.**

Dated: February 26, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEARNING TECHNOLOGY PARTNERS,

    Plaintiff,

v.

UNIVERSITY OF THE INCARNATE WORD,

    Defendant.

Case No. 14-cv-4322-PJH

**SPECIAL VERDICT FORM**

## I. Complaint of Learning Technology Partners

With respect to the claims of Learning Technology Partners ("LTP") against University of the Incarnate Word (the "University"), we answer the questions submitted to us as follows:

1. Did the University breach a contract with LTP by using IZIO for ADCaP non-blended courses?

    ___ Yes              ___ No

2. Did the University breach a contract with LTP by allowing ADCaP students to access IZIO for longer than 8 weeks?

    ___ Yes              ___ No

If your answer to either Question 1 or Question 2 is Yes, answer Question 3. If you answered No to both questions, proceed to Question 6.

3. Did LTP agree to waive or modify its right to recover all or some fees in connection with the ADCaP program?

   ___ Yes       ___ No

4. Did LTP fail to mitigate or avoid its loss with respect to the ADCaP program?

   ___ Yes       ___ No

5. Taking into account any waiver, modification, or failure to mitigate, what are LTP's damages, if any, related to ADCaP?

   $ _____

6. Did the University breach the exclusivity provision of the Services Agreement?

   ___ Yes       ___ No

If your answer to Question 6 is Yes, answer Question 7. If you answered No to Question 6, proceed to Section II – Counterclaim of the University.

7. How did the University breach the exclusivity provision? (check all that apply)

    ___ Use of Apex Learning for UIW Prep
    ___ Use of Blackboard for test courses
    ___ Use of Blackboard following termination of the contract

8. Did LTP waive its right to enforce the exclusivity provision related to UIW Prep?

     ___ Yes                ___ No

If you answered No to Question 8, answer Question 9. If you answered Yes to Question 8, proceed to Section II – Counterclaim of the University.

9. Did LTP fail to mitigate or avoid its loss with respect to any breach of exclusivity?

     ___ Yes                ___ No

10. Taking into account any failure to mitigate, what are LTP's damages for breach of the exclusivity provision?

     $ _____

**II.**   **Counterclaim of the University**

11. Did LTP breach the contract with the University or the implied covenant of good faith and fair dealing by failing to fix the copy tool program?

     ___ Yes                ___ No

If your answer to Question 11 is Yes, answer Question 12. If you answered No Question 11, stop here, answer no further questions, and have the presiding juror sign and date this form.

12. Did the University waive its right to damages related to the copy tool program?

___ Yes          ___ No

If your answer to Question 12 is Yes, stop here, answer no further questions, and have the presiding juror sign and date this form. If you answered No, proceed to Question 13.

13. What are the University's damages related to the copy tool program?

$ _____

Signed: _____
        Presiding Juror


Dated: _____

4